**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**EDDIE POAI**                                                                                          **PLAINTIFF**

**v.**                                                                            **No. 2:05CV104-D-A**

**CORRECTIONS CORPORATION**
**OF AMERICA (CCA), ET AL.**                                                     **DEFENDANTS**

## ORDER OF DISMISSAL

The *pro se* prisoner plaintiff Eddie Poai, inmate number A5003090, in the custody of the Hawaii Department of Corrections and housed at the Tallahatchie County Correctional Facility, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

The court must ensure that the plaintiff has exhausted his administrative remedies before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not completed the administrative remedy program, arguing – without citation or proof, that the grievance procedure at the Tallahatchie County Correctional Facility does not comport with the requirements of due process. Bare allegations, however, will not circumvent the exhaustion requirement of 42 U.S.C. § 1997e(a). The plaintiff has clearly failed to exhaust the

---

[1] 28 U.S.C. § 1915(g).

administrative remedies available to him at the Tallahatchie County Correctional Facility. Thus, this case is hereby **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

This, the 30th day of June, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE